1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF WASHINGTON STATE

| | |
|---|---|
| In Re:<br>Microsoft Corporation<br><br>DEERE & COMPANY,<br><br>       Plaintiff,<br><br>    vs.<br><br>XAPT CORPORATION,<br><br>      Defendant. | No. 2:21-mc-00123-TL<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH |

Defendant XAPT Corporation ("**Defendant**" or "**XAPT**") herewith submits its opposition to the motion of Plaintiff Deere & Company ("**Plaintiff**" or "**Deere**") to quash XAPT's subpoena on non-party Microsoft Corporation, or in the alternative for a protective order as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ...................................................................................1

II. BACKGROUND .............................................................................................................3

III. DISCUSSION ...............................................................................................................5

    1.     DEERE LACKS STANDING TO QUASH A SUBPOENA SERVED ON A NON-PARTY EXCEPT UNDER NARROW GROUNDS. .................................................5

        A.     Only the Subpoenaed Party Has Standing to Object to Breadth and Burden. .............................................................................................5

        B.     A Non-Subpoenaed Party Can Only Object on Narrow Grounds of Privilege. .........................................................................................6

        C.     The Moving Party Must Show the Existence of a Privilege Supporting the Motion to Quash. ..................................................7

    2.     DEERE LACKS STANDING TO QUASH THE SUBPOENA XAPT SERVED ON MICROSOFT EXCEPT FOR PRIVILEGE BUT FAILS TO MEET ITS BURDEN. .......7

        A.     Deere Offers No Evidence of a Trade Secret or Other Privilege Implicated by the Subpoena. ..................................................7

        B.     XAPT's Subpoena Is Not Duplicative, Overbroad, or Unduly Burdensome, and Deere Does Not Have Standing to Challenge It On Those Grounds. ......................................................9

        C.     Deere Fails To Both Follow the Court's Local Rules and To Carry Its Burden To Show The Need For A Protective Order. ..............9

    3.     DEERE FAILS TO MEET ITS BURDEN TO JUSTIFY TRANSFER OF XAPT'S SUBPOENA. .........................................................................11

        A.     Deere Has Not Met Its Burden To Show That Exceptional Circumstances Exist To Justify Transfer. ..................................11

IV.     CONCLUSION ...........................................................................................12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I.

## INTRODUCTION AND SUMMARY

Litigation is pending in the Central District of Illinois, *Deere & Company v. XAPT Corporation, et al.*, 4:19-cv-04210-SLD-JEH ("**Illinois Action**"). As is permitted under rules applicable in the Illinois Action and actions generally, XAPT issued a subpoena on a non-party, Microsoft Corporation ("**Microsoft**") ("**Subpoena**"). The Subpoena calls for Microsoft to produce documents and other information relating to the Subpoena within this district.

On June 18, 2020, Deere also subpoenaed non-party Microsoft demanding access to a broad set of information at the heart of the controversy in the Illinois Action. ("2020 subpoena", attached as Exhibit A). Both on its face and in substance, the 2020 Deere subpoena served on Microsoft, consisting of 56 requests for production, is more expansive than the narrowly tailored subpoena XAPT served on Microsoft. Notably, in serving its subpoena on Microsoft, Deere did not demonstrate the same concerns as those Deere shared with this Court regarding XAPT's Subpoena to Microsoft. *See Stein v. I 5 Exteriors Inc.*, No. 3:21-CV-5093-DWC, 2021 U.S. Dist. LEXIS 175825, at *11 (W.D. Wash. Sep. 15, 2021) (Court denied motion to quash in part because defendant sought same information in own subpoena).

Now before this Court is a motion to quash the Subpoena or alternatively to issue a protective order, and Deere's motion to transfer. However, to be clear, Microsoft does not bring either motion. Rather, Deere brings the motions before this Court.

Deere's motion to quash and accompanying motion to transfer take the position that this Court is incapable of deciding whether to permit, deny, or limit the Subpoena on the grounds that this Court is not the court before which the Illinois Action is being tried. On that basis, no subpoena would ever issue in a

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 1
USDC 2:21-mc-00123-TL

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4873-2027-8537.1

foreign district – one in which the matter is not pending.

Deere's motion sets out two grounds for requesting the subpoena be quashed. First, it argues that the documents are not relevant. Doc. 1 at 5:8-10. However, as discussed further below, Deere lacks standing to object on that ground. Deere makes further argument that the Subpoena is overly broad, raising two additional grounds for its motion – first that the requests themselves seek information that is not relevant (*Id.* at 7:8-9); and secondly that the requests seek "Deere's privileged trade secrets and other confidential, proprietary information." *Id.* at 8:2-3. It is there, in that one conclusory statement, that Deere finally hits upon a proper ground for objecting to a subpoena. However, apart from conclusory labels, Deere never describes with any particularity what it claims to be information that would qualify as a trade secret or otherwise protected confidential information. Instead, this Court is left to guess what information should be treated as confidential and which, if any, of the requests in the Subpoena should be limited.

As an _alternate_ ground, Deere asks this Court to enter a protective order to protect what Deere claims are trade secrets and proprietary information. Such _alternate_ ground is flawed for at least two reasons. First, since Deere failed to comply with this Court's Local Rules, the Court should deny Deere's request for a protective order. At the very least, Deere's failure to comply with the Court's rules renders Deere's request for a protective order premature.

Second, Deere has no standing to object on general grounds – e.g., burden, relevance – to the subpoena. However, Deere would have standing to object to and request the Subpoena be quashed because it targets trade secret information. But apart from generally stating that its trade secrets and other confidential information are targeted, Deere makes no effort to identify with any degree of specificity what that information is. If there were such information at issue, Deere would not need

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 2
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

to request a protective order; identification of the secrets with particularity would suffice to support the motion to quash. However, Deere does not describe, even in general terms, the nature of its protected information other than to state, in conclusory terms, it to be Deere's "competitively sensitive, proprietary and trade secret information." Doc. 1 at 12:17.

Ultimately, Deere asks this Court to take on its word alone the claim that the Subpoena will not simply implicate but require the production of protected information. Deere has the burden of demonstrating the right to the relief sought. Deere has the burden of identifying with sufficient particularity the sort of information that should be protected. Deere has the burden of identifying which portions of the Subpoena are offending and as to which it has standing to object. But Deere does not meet its burdens.

## II.

## BACKGROUND

XAPT's business is focused exclusively on providing its proprietary software program—NAXT Core—to heavy equipment dealers throughout the world. NAXT Core provides a solution to those dealers by delivering a streamlined set of functionalities that manage all aspects of the dealers' business, from sales and rentals to human resources. (*See generally* Illinois Action Dkt. No. 60).

Beginning in June 2017, XAPT and Deere entered into a series of agreements to provide a solution to Deere's management of its heavy equipment dealers. (*Id.* ¶ 15.) Microsoft was the provider of the platform on which the DBS was built. (*Id.* ¶ 29.) XAPT would be paid for its work in creating a comprehensive dealer software system, and thereafter Deere would pay XAPT royalties from Deere's use of this dealer system software.

XAPT agreed to make limited modifications to XAPT's NAXT Core to meet Deere's specifications while the agreements required Deere to "strive to

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 3
USDC 2:21-mc-00123-TL

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4873-2027-8537.1

focus" on modifying its existing processes to work with NAXT Core's standard solution. Almost immediately after the parties signed the agreements, Deere ignored its obligations and failed to modify existing processes to work with NAXT's standard solution. Instead, Deere unreasonably expected extensive customization to align NAXT to Deere's existing business processes.

Deere significantly expanded the scope of the project and did not comply with its obligations to follow the change order, gap development and identification, and other processes in the agreements. Based on ongoing changes to deliverables and Deere's shifting priorities, the project's scope was constantly in flux, which caused confusion and reduced the project's efficiency.

On October 18, 2019, without completing the mandatory dispute resolution process, Deere sued XAPT in the Central District Court of Illinois (Cause No. 4:19-cv-04210-SLD-JEH).

On or about November 30, 2021, XAPT subpoenaed non-party Microsoft, with 29 production requests related to the parties' agreements.[1] XAPT subpoena to Microsoft focuses on document requests and communications surrounding Microsoft's correspondence with Deere regarding the XAPT and Deere NAXT software project, as well as communications surrounding any alternative dealer system Deere admittedly is developing with a third-party developer. XAPT believes that the alternative dealer system Deere is developing with a third-party contains NAXT Core software (and the intellectual property rights subsisting in

---

[1] Deere argues that XAPT may obtain the same information XAPT seeks in its Subpoena to Microsoft from Deere directly. However, notwithstanding the lack of a protective order in the Illinois Action, Deere has refused to provide any documents referencing communications with Microsoft after January 24, 2020. *See* Exhibit B, p. 29, No. 98, Deere's Responses and Objections to XAPT's First Set of Requests for Production.

Further, though on November 3, 2021 XAPT served Microsoft's registered agent in Delaware, XAPT withdrew its Delaware subpoena and on or about November 30, 2021, served the instant Subpoena on Microsoft in Washington, Microsoft's place of incorporation.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 4
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

such software), design elements, and architecture constituting trade secrets. Such trade secrets comprise XAPT's financial, business, scientific, technical, economic, and engineering information, including but not limited to plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs and codes, both tangible and intangible and stored, compiled and memorialized physically, electronically and graphically, which is proprietary to XAPT and its affiliates.

### III.

### DISCUSSION

1.   **DEERE LACKS STANDING TO QUASH A SUBPOENA SERVED ON A NON-PARTY EXCEPT UNDER NARROW GROUNDS.**

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things.

### A.    Only the Subpoenaed Party Has Standing to Object to Breadth and Burden.

As an initial matter, "[w]ithin the Ninth Circuit there remains doubt as to whether a party has standing to quash a subpoena to a third party on any basis." *Silcox v. AN/PF Acquisitions Corp.*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, 2018 WL 1532779, at *2 (W.D. Wash. Mar. 29, 2018) (*citing In re Rhodes Cos., LLC*, 475 B.R. 733, 738-40 (D. Nev. 2012)).

As such, only the party to which the subpoena is directed has standing to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc. *Equal Emp't Opportunity Comm'n v. Cheesecake Factory, Inc.*, 2017 U.S. Dist. LEXIS 146576, 2017 WL 3887460, at *8 n.13 (W.D. Wash. Sept. 6, 2017) (finding a party lacked standing to object to "third-party subpoenas on grounds of irrelevance, overbreadth, and

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 5
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

proportionality"); *see also Stein*, 2021 U.S. Dist. LEXIS 175825 at *11 ("Defendant does not have standing to object to third party subpoenas on grounds that the subpoena seeks irrelevant information or would impose an undue burden…."); *Eclat Pharms., LLC v. West-Ward Pharm. Corp.*, 2014 U.S. Dist. LEXIS 195320, 2014 WL 12607663, at *1 (C.D. Cal. Mar. 26, 2014) (denying motion to quash subpoenas "on the grounds that they are overbroad, not properly limited in time, and seek irrelevant and duplicative information" because "defendants do not have standing to move to quash the subpoenas served on the third parties on the proffered bases"). "A party lacks standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party." *Dale Evans Parkway 2012 v. Nat'l Fire & Marine Ins. Co.*, 2016 U.S. Dist. LEXIS 187094, at *3 (C.D. Cal. Oct. 27, 2016); *Krenitsky v. Kirsch*, No. 2:18-cv-0690 WBS DB P, 2020 U.S. Dist. LEXIS 154406, at *4 (E.D. Cal. Aug. 25, 2020) (citing *Wells Fargo & Co. v. ABD Ins., No. C 12-03856 PJH (DMR)*, 2012 U.S. Dist. LEXIS 173365, at *6 (N.D. Cal. Dec. 6, 2012)).

## B.    A Non-Subpoenaed Party Can Only Object on Narrow Grounds of Privilege.

A party cannot seek to quash a Fed. R. Civ. P. 45 subpoena except to the extent that "a party has standing to move to quash a subpoena issued to a non-party only to the extent the subpoena seeks documents over which the party has a 'personal right or privilege.'" *Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, No. 3:18-CV-05639-RBL, 2019 U.S. Dist. LEXIS 106862, 2019 WL 2563851, at *2 (W.D. Wash. Mar. 21, 2019) (*quoting Eric v. Van Cleave*, No. C16-1278RSM, 2017 U.S. Dist. LEXIS 19369, 2017 WL 553276, at *6 (W.D. Wash. Feb. 10, 2017)).

"[A] party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *MD*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
QUASH- 6
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

*Helicopters, Inc. v. Aerometals, Inc.*, No. 2:16-cv-02249 TLN AC, 2019 U.S. Dist. LEXIS 42915, at \*16 (E.D. Cal. Mar. 15, 2019); see also *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *accord*, *Krenitsky v. Kirsch*, No. 2:18-CV-0690-WBS-DBP, 2020 U.S. Dist. LEXIS 154406, 2020 WL 5017270, at \*1 (E.D. Cal. Aug. 25, 2020) (citation and internal quotation marks omitted).

### C.    The Moving Party Must Show the Existence of a Privilege Supporting the Motion to Quash.

"[T]he party who moves to quash a subpoena has the 'burden of persuasion' under Rule 45(c)(3)." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005); accord *U.S. Interloc Matting, Inc. v. Macro Plastics, Inc.*, 2017 WL 9565569, at \*1 (E.D. Cal. Nov. 14, 2017). Further, "there is no absolute privilege for trade secrets and similar confidential information." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) (citation omitted). "Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging a subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information.'" *Id.* at 684 (citation omitted).

### 2.    DEERE LACKS STANDING TO QUASH THE SUBPOENA XAPT SERVED ON MICROSOFT EXCEPT FOR PRIVILEGE BUT FAILS TO MEET ITS BURDEN.

### A.    Deere Offers No Evidence of a Trade Secret or Other Privilege Implicated by the Subpoena.

Deere was not the recipient of XAPT's subpoena and thus can only seek to challenge the subpoena by proving that a privilege applies. Here, Deere repeatedly and mistakenly argues regarding the relevance and scope of the materials XAPT seeks in its subpoena. Next, Deere, without the requisite legal specificity or detail,

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 7
USDC 2:21-mc-00123-TL
4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

and without presenting any evidence, vaguely objects to the extent the subpoena seeks "Deere's privileged trade secrets and other confidential, proprietary information under Rule 45." Doc. 1 at p. 8.

Deere fails to meet its burden of showing the subpoena impedes on any protected right or privilege. *Coalview Centralia*, LLC 2019 U.S. Dist. LEXIS 106862 at *10; *see also BGH Holdings, LLC v. DL Evans Bank*, No. 2:18-CV-1408-RSL, 2019 U.S. Dist. LEXIS 146593, at *5-6 (W.D. Wash. Aug. 28, 2019) (Court declined to quash the subpoenas duces tecum after plaintiffs argued subpoenas sought private and confidential information).

Without more, Deere's arguments that the subpoena may disclose Deere's trade secrets or other proprietary information are speculative and contain only conclusory allegations that the subpoena *could* produce this type of information. Deere provides no evidence whatsoever or any particularized argument showing the scope of documents will impede on any such right or privilege. *See Bodyguard Prods., Inc. v. Doe 1*, 2018 U.S. Dist. LEXIS 88379, at *2 (W.D. Wash. May 25, 2018) (denying a party's motion to quash a subpoena issued to a non-party where the moving party failed to show the subpoena required "disclosure of privileged or otherwise protected information").

As in *Doutherd*, Deere's "conclusory statement[s]" that privileged business records would be produced was "insufficient to carry its burden of demonstrating that it has a privacy interest in the requested documents." *Doutherd v. Montesdeoca*, 2018 U.S. Dist. LEXIS 100904, at *2 (E.D. Cal. June 15, 2018); *see also Pizana v. Sanmedica Int'l, LLC*, No. 1:18-cv-00644-DAD-SKO, 2021 U.S. Dist. LEXIS 18926, at *11-12 (E.D. Cal. Jan. 29, 2021) ("Defendant's cursory and speculative statements that the Subpoena 'calls for information . . . that is likely to be trade secret or other confidential research, development or commercial information' … is wholly insufficient to satisfy the requisite standard.").

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 8
USDC 2:21-mc-00123-TL

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

4873-2027-8537.1

1
2
3
4
5
6
7

Deere has failed to make an adequate showing that they have some personal right or privilege in the documents sought. *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051, 2014 U.S. Dist. LEXIS 201668, at *7 (C.D. Ill. July 16, 2014)(Magistrate Judge Hawley presiding). In sum, Deere's sweeping, unparticular statements lack the required specificity and are grossly insufficient to satisfy Deere's burden of proving that the documents or information the subject of XAPT's subpoena are privileged or protected in any way.

8
9
10

**B.     XAPT's Subpoena Is Not Duplicative, Overbroad, or Unduly Burdensome, and Deere Does Not Have Standing to Challenge It On Those Grounds.**

11
12
13
14
15

XAPT's subpoena is not duplicative, overbroad, or unduly burdensome. All of the requests concern matters highly relevant to the Illinois litigation, were narrowly tailored in temporal scope, and are otherwise unobtainable due to Deere's refusal to provide such information in responding to XAPT's discovery requests. *See* Exhibit B, p. 29, No. 98.

16
17
18
19

Regardless, Deere lacks standing to argue that the subpoena is duplicative, overbroad, or unduly burdensome because Deere is not the recipient. Because Deere is without standing to challenge the scope and breadth of the subpoena, Deere's motion should be denied.

20
21

**C.     Deere Fails To Both Follow the Court's Local Rules and To Carry Its Burden To Show The Need For A Protective Order.**

22
23
24
25
26
27

This Court's Local Civil Rules require any motion for a protective order "include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action." LCR 26(c). Local Civil Rule 26 states "[t]he certification must list the date, manner, and participants to the conference." If a certification is not included, the Court may

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 9
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

deny the motion without addressing the merits. LCR 26(c). As Deere neither included this certification in its motion, nor conferred with XAPT regarding the Microsoft subpoena until impasse, the Court should deny Deere's request for a protective order. *See Coalview Centralia, LLC* 2019 U.S. Dist. LEXIS 106862 at *13; *see also Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S. Dist. LEXIS 41518, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014) (denying motion to compel when there is no suggestion that the parties reached impasse before the plaintiff filed his motion).

A moving party must submit evidence, including declarations, showing specific harm for a protective order under Fed. R. Civ. P. 26(c). *See, e.g.*, *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827–828 (9th Cir. 2004) (a showing of good cause under Rule 26(c) "is a heavy burden," requiring "evidence, not speculation"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (citing with approval *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party seeking protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples[.]").

Deere's motion presents no evidence of harm whatsoever. Instead, the subpoena itself specifically allows for any privilege information to be withheld with a proper privilege log. Doc. 1-1 (Subpoena) at pp. 8-9. The subpoena clearly states: "If You claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any requested Document, please furnish a list identifying each Document for which the privilege or other objection is claimed." Thus, should any requested information implicate a privilege, Microsoft may withhold the information and produce a privilege log as instructed.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 10
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

**3.    DEERE FAILS TO MEET ITS BURDEN TO JUSTIFY TRANSFER OF XAPT'S SUBPOENA.**

**A.    Deere Has Not Met Its Burden To Show That Exceptional Circumstances Exist To Justify Transfer.**

Under Fed. R. Civ. P. 45(f), if compliance with the subpoena is required outside the district from where the subpoena issued and the underlying action takes place, then the compliance court may "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, the party subject to the subpoena, Microsoft, has not consented to transfer, so transfer may be granted only if the court finds "exceptional circumstances."

The Advisory Committee notes provide guidance as to when "exceptional circumstances" exist. The primary consideration should be to avoid "burdens on local nonparties subject to subpoenas and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Advisory Committee Note to 2013 Amendments of Fed. R. Civ. P. 45. The proponent of the transfer bears the burden to show that exceptional circumstances exist. *Id.*

First, Deere argues that exceptional circumstances exist here because the Judge in the Illinois Action has familiarity with the claims at issue and the factual history of the case. However, this is a concern that exists in almost every such motion and cannot alone be sufficient to constitute an "extraordinary circumstance." *Sorrento Therapeutics, Inc v. Roger Williams Med. Ctr.*, No. 3:17-cv-2442-WQH-NLS, 2018 U.S. Dist. LEXIS 21225, at \*6 (S.D. Cal. Feb. 8, 2018).[2]

---

[2] *See also Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 12-CV-01361-SLG, 2015 U.S. Dist. LEXIS 140416, 2015 WL 5934760, at \*3 (D. Mass. June 18, 2015) ("[T]here is no question

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 11
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

Second, Deere argues that this motion should be transferred considering various pending motions in the Illinois Action and so as to avoid the risk of inconsistent rulings between this motion and the other pending motions in the Illinois Action. However, Deere has not cited to any previously court-determined discovery decision or pending discovery issue in the Illinois Action with which this Court is at risk of conflicting. *See Personalized Media Communs., LLC v. Top Victory Elecs. (Taiwan) Co.*, No. 16-mc-80122-SK, 2016 U.S. Dist. LEXIS 101995, at *4 (N.D. Cal. Aug. 3, 2016) (finding that plaintiff failed to establish exceptional circumstances advancing similar argument).

At bottom, Deere's motion to transfer argument rests on the faulty premise that this or any other similarly situated court is incapable of appreciating the nature of discovery and deciding discovery disputes, even when it is not the court trying the matter. Such argument disregards the principal role of federal judges who are usually called upon to decide discovery disputes even when it is not the court trying the matter.  Given that Deere has not established exceptional circumstances, Deere's motion to transfer should be denied.

## IV.

## CONCLUSION

Deere has failed to demonstrate entitlement to any of the relief requested and its motion should be **DENIED**.

---

that the [issuing court] is more familiar with the procedural and substantive aspects of the underlying patent litigation. However, that cannot be what Congress meant when it required a finding of exceptional circumstances, **otherwise the exception would swallow the rule**. As a general matter, a Rule 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation.") (emphasis added).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 12
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1  DATED: January 10, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                        _s/Benjamin J. Stone_____
                                        Benjamin J. Stone, WSBA #33436
5

6                                        _s/Kylene Slocum_____
                                        Kylene Slocum, WSBA #58600
7                                        1111 Third Avenue, Suite 2700
8                                        Seattle, Washington 98101
                                        (206) 436-2020 / (206)436-2030 Fax
9                                        Benjamin.Stone@lewisbrisbois.com
10                                       Kylene.Slocum@lewisbrisbois.com
11                                       Attorneys for Defendant XAPT CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties and counsel listed below:

Alexander M. Wu          alex.wu@hcmp.com; carol.cannon@hcmp.com

Mary Ann L Wymore        mlw@greensfelder.com; meg@greensfelder.com


Dated: January 10, 2022 at Seattle, Washington.


*s/Tami L. Foster*
Tami L. Foster, Legal Secretary
Tami.Foster@lewisbrisbois.com

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH- 14
USDC 2:21-mc-00123-TL

4873-2027-8537.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| DEERE & COMPANY, | ) | |
| | ) | |
|      Plaintiff, | ) | Case No. 4:19-cv-04210-SLD-JEH |
| | ) | |
| v. | ) | |
| | ) | |
| XAPT CORPORATION, et al., | ) | |
| | ) | |
|      Defendants. | ) | |

<u>**NOTICE OF SUBPOENA**</u>

Plaintiff Deere & Company, by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 45, hereby gives notice that it will serve the attached Subpoena issued to Microsoft Corporation.

Respectfully submitted,

Dated:  June 18, 2020                By:  _/s/ Mary Ann L. Wymore_
                                    Kara E. F. Cenar, IL Bar #6198864
                                    S. Patrick McKey, IL Bar #6201588
                                    kcenar@greensfelder.com
                                    pmckey@greensfelder.com
                                    GREENSFELDER, HEMKER & GALE,
                                    P.C.
                                    200 West Madison Street, Suite 3300
                                    Chicago, Illinois 60606
                                    Telephone:  (312) 419-9090
                                    Facsimile:  (312) 419-1930

                                    Mary Ann L. Wymore, MO Bar #44061
                                    Ronnie L. White II, MO Bar #67165
                                    mlw@greensfelder.com
                                    rwhite@greensfelder.com
                                    GREENSFELDER, HEMKER & GALE,
                                    P.C.
                                    10 South Broadway, Suite 2000
                                    St. Louis, Missouri 63102
                                    Telephone:  (314) 241-9090
                                    Facsimile:  (314) 241-8624

                                    Matthew Fischer
                                    Mariangela Seale
                                    Lauren Jaffe
                                    mfischer@rshc-law.com
                                    mseale@rshc-law.com
                                    ljaffe@rshc-law.com
                                    RILEY SAFER HOLMES & CANCILA
                                    LLP
                                    70 West Madison Street, Suite 2900
                                    Chicago, Illinois 60602
                                    Telephone:  (312) 471-8700
                                    Facsimile:  (312) 471-8701

                                    ***Attorneys for Plaintiff Deere & Company***

*1861016*

2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 18th day of June, 2020, a copy of the foregoing Notice of Subpoena was electronically served on the following counsel of record via electronic mail:

Josh Kantrow
Lewis Brisbois
550 West Adams Street, Suite 300
Chicago, IL  60601
Josh.Kantrow@lewisbrisbois.com

Robert P. Cummins
The Cummins Law Firm, P.C.
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
rcummins@nhdlaw.com

***Attorneys for Defendant XAPT Corporation***.

_/s/ Mary Ann L. Wymore_

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Central District of Illinois

| | | |
|---|---|---|
| Deere & Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:19-cv-04210-SLD-JEH |
| XAPT Corporation, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Microsoft Corporation
         SERVE AT:  Illinois Corporation Service Corp., Reg. Agent, 801 Adlai Stevenson Drive, Springfield, IL  62703

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

         See Exhibit A attached hereto.

| Place: Greensfelder, Hemker & Gale, P.C. 200 West Madison Street, Suite 3300 Chicago, Illinois 60606 | Date and Time: July 16, 2020 [5 p.m.] |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   June 18, 2020

|  *CLERK OF COURT*  | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Mary Ann L. Wymore |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Deere & Company_____ , who issues or requests this subpoena, are:
Mary Ann L. Wymore, Greensfelder, Hemker & Gale, P.C., 10 South Broadway, Suite 2000, St. Louis, MO  63102
mlw@greensfelder.com, (314) 241-9090

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:19-cv-04210-SLD-JEH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## Definitions and Instructions

1.      **"Deere"** means Plaintiff Deere & Company and all other persons acting or purporting to act on its behalf, including its subsidiaries, affiliates, employees, in-house and outside attorneys, accountants, representatives, agents, consultants, investigators, or other persons purporting to act on its behalf.

2.      **"Microsoft," "You," or "Your,"** means Microsoft Corporation, as well as its affiliates, successors or predecessors in interest, agents, servants, records custodians, employees, attorneys and  any other persons acting for or on its behalf.

3.      **"XAPT Corporation"** means Defendant XAPT Corporation, and any of its directors, officers, shareholders, members, agents, representatives, employees, attorneys, accountants, auditors, public relations and marketing firms or consultants, other professional persons, experts, investigators or anyone else acting at the direction, on behalf or under the control of XAPT Corporation or its attorneys, or acting for or on XAPT Corporation's behalf, whether or not compensated.

4.      **"XAPT Solutions Pty. Ltd."** means Defendant XAPT Solutions Pty. Ltd., and any of its directors, officers, shareholders, members, agents, representatives, employees, attorneys, accountants, auditors, public relations and marketing firms or consultants, other professional persons, experts, investigators or anyone else acting at the direction, on behalf or under the control of XAPT Solutions Pty. Ltd. or its attorneys, or acting for or on XAPT Solutions Pty. Ltd.'s behalf, whether or not compensated.

5.      **"XAPT Kft"** means Defendant XAPT Kft, and any of its directors, officers, shareholders, members, agents, representatives, employees, attorneys, accountants, auditors, public relations and marketing firms or consultants, other professional persons, experts, investigators or anyone else acting at the direction, on behalf or under the control of XAPT Kft or its attorneys, or acting for or on XAPT Kft's behalf, whether or not compensated.

6.      **"Cosmo Consult Business Solutions S.R.L."** means Defendant Cosmo Consult Business Solutions S.R.L., and any of its directors, officers, shareholders, members, agents, representatives, employees, attorneys, accountants, auditors, public relations and marketing firms or consultants, other professional persons, experts, investigators or anyone else acting at the direction, on behalf or under the control of Cosmo Consult Business Solutions S.R.L. or its attorneys, or acting for or on Cosmo Consult Business Solutions S.R.L.'s behalf, whether or not compensated.

7.      **"New Frontier Group"** means New Frontier Group, and any of its directors, officers, shareholders, members, agents, representatives, employees, attorneys, accountants, auditors, public relations and marketing firms or consultants, other professional persons, experts, investigators or anyone else acting at the direction, on behalf or under the control of New Frontier

1

Group or its attorneys, or acting for or on New Frontier Group's behalf, whether or not compensated.

8.　　The **"Project"** refers to the subject matter of agreements between Deere on the one hand, and XAPT Corporation and its related affiliates and suppliers, on the other hand, including development of a global Dealer Management System (also referred to herein as "Dealer Business System") template for Deere.

9.　　**"Communication"** or **"Communications"** means and refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending or receipt of information of any kind by or through any means including personal delivery, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication" also includes all inquiries, discussions, conversations, correspondence, negotiations, agreements, presentations, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases.

10.　　**"Document(s)"** has the meaning ascribed to that term in the Federal Rules of Civil Procedure and includes all tangible things, including electronically stored information, tangible copies of or memorialized Communications, and all written and graphic material and records of any type or description, whether handwritten, typed, printed, computer-generated, or in any other form, including without limitation, all originals, drafts and non-identical copies. For the avoidance of doubt, Document(s) includes, without limitation, recordings, photographs, negatives, movies, videotapes, slides, phone records, audio and/or visual recordings, transcripts, catalogs, ledgers, minutes, memoranda, letters, notes, purchase orders, invoices, data compilations, e-mails, all computerized and electronic data from which written or graphic material or records can be obtained, generated, and/or translated (including without limitation electronic or computerized data compilations, electronic file backup tapes, hard drives and images of hard drives), Communications, memoranda, records, presentations, books, reports, transcripts or summaries of conversations or interviews, diaries, graphs, charts, diagrams, tables, photographs, recordings, tapes, microfilms, minutes, transcripts or summaries of meetings or conferences, records and reports of consultants, press releases, stenographic, handwritten or any other notes, workpapers, and any paper or writing of whatever description, including any electronic database or server or information contained on any Electronic Media (as defined herein) although not yet printed out. A draft or non-identical copy of any document is a separate document within the meaning of this term.

11.　　**"Electronically Stored Information"** or **"ESI"** means and includes the following:

　　　A.　　All items covered by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, including:

　　　　　i.　　information or data that is generated, received, processed, and recorded by computers and other electronic devices, including

metadata (e.g., author, recipient, file creation date, file modification date, etc.);

ii.    files, information, or data saved on backup tapes or hard drives;

iii.   internal or external web sites;

iv.    output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

B.    All items stored on Electronic Media (as defined herein).

12.    **"Electronic Media"** means and refers to any magnetic or other storage media device used to record ESI. Electronic Media devices may include computer memories, hard disks, floppy disks, hard drives, memory sticks, CDs, CD-ROMs, DVDs, personal digital assistant devices (e.g., iPod, iPhone, BlackBerry, Android or other "smart phone" devices), magnetic tapes of all types, microfiche, or any other vehicle for digital data storage and/or transmittal, including, but not limited to, any containers or labels appended to, or relating to, any physical storage device associated with each original or copy of such device.

13.    **"Relate," "related to,"** or **"relating to"** means arising out of, based on, reflecting, referencing, consisting of, referring to, regarding, describing, about, identifying, concerning, evidencing, summarizing, analyzing, or having any logical or factual connection with the stated subject matter.

14.    **"All"** shall include the term "each" and vice-versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

15.    **"And"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses that might otherwise be construed to be outside the scope of that request.

16.    The singular of any word is intended to include the plural and vice-versa, and the conjunctive "and" to refer to and include the disjunctive "or" and vice-versa, unless the context clearly indicates otherwise

17.    Consistent with Federal Rule of Civil Procedure 26(b), in the event documents or tangible things of any type are not produced because of a claim of privilege, immunity or work product protection, identify each Document separately and the privilege or immunity claimed by providing the following information:

3

A.    its approximate date;

B.    a general description of its subject matter;

C.    the type of tangible thing (e.g., memorandum or letter);

D.    the author, addressees and recipients of the Document; and

E.    the basis for the claim of privilege, immunity or work-product protection.

18.    Produce responsive documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.  Also, please produce all ESI in a format that will facilitate its use in this lawsuit, including by expert witnesses and at depositions, motions, hearings, and trial.

19.    Produce electronic documents in a single-paged Tagged Image File format ("TIFF") with extracted text with an accompanying load file to indicate the location and unitization of the TIFF files.  To the extent practical, provide the following metadata fields:

A.    Beginning bates number
B.    Ending bates number
C.    Beginning attachment number
D.    Ending attachment number
E.    Attachment count (email)
F.    Attachment name (email)
G.    Custodian
H.    Author/From
I.    Document type
J.    Subject
K.    Recipient
L.    CC
M.    BCC
N.    Sent date
O.    Received date
P.    Create date
Q.    Last modified date
R.    DocExt
S.    Native file link
T.    File size
U.    Page count
V.    Redacted

20.    **"Native Document"** is defined to mean a document in the same format and from the same application used to create the document originally. A document does not need to be produced in a native format if it is not resident on the information system.  Produce Excel and other types of spreadsheets in native format.  Any document produced natively will have a

4

corresponding place holder TIFF image for these records bearing the legend "This document produced in native file format only."

21.     If documents exist in text-searchable format, then such documents shall be produced in the same text-searchable format at no cost.  For each document containing searchable text, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates number of the first page of the document.

22.     When processing ESI, CST shall be selected as the time zone.

23.     Unless otherwise specified, the relevant time frame for this these Requests is from January 1, 2014 to the present.

24.     Produce hard copy documents in single-paged Tagged Image File format ("TIFF"). Each page of a produced document shall have a legible, unique page identifier ("Bates Number"), and confidentiality legend (where applicable), on the face of the image at a location that does not interfere with the information from the source document.

25.     In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (i.e., paper documents should be logically unitized).  Parent-child relationships (the association between an attachment and its parent document) shall be preserved. Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape).

## **Requests for Production**

1.     All files identified in the letter dated June 15, 2020 from Constantinos Zertales to Deere, attached hereto as **Exhibit 1**, which XAPT is terminating Microsoft Services and is demanding preservation of files under Microsoft Policies and procedures.

2.     All Documents reflecting contracts and agreements, by and between Deere, XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L. and/or New Frontier Group that relate to or reflect the Project or work performed for or in support of Deere.

3.     All Documents, data and ESI related to the Project created, existing, residing or stored in any virtual environment, including but not limited to LCS.

4.     All Documents, data and ESI related to Dealer 1 Project created, existing, residing or stored in LCS and assigned Project ID Number 1289458.

5.     All Documents, data and ESI related to Dealer 2 Project created, existing, residing or stored in LCS and assigned Project ID Number 1289459.

5

6.      All Documents, data and ESI related to Dealer 3 Project created, existing, residing or stored in LCS in Production environment jddbs-dealer3 and assigned Project ID Number 1288190.

7.      All Documents, data and ESI related to Dealer 3 Project created, existing, residing or stored in LCS in Sandbox environment jddbs-dealer3-test and assigned Project ID Number 1288190.

8.      All Documents, data and ESI related to Implementation Project created, existing, residing or stored in LCS and assigned Project ID Number 1243688.

9.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment jddbs-mx-train-s and assigned Project ID Number 1341166.

10.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment jddbs-mx-train-e and assigned Project ID Number 1341166.

11.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-QUAL—E-0 and assigned Project ID Number 1341166.

12.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-DATA—LOAD and assigned Project ID Number 1341166.

13.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-CERT-S-1 and assigned Project ID Number 1341166.

14.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-CERT-E-1 and assigned Project ID Number 1341166.

15.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-CERT-E and assigned Project ID Number 1341166.

16.      All Documents, data and ESI related to JD Dealer Dev created, existing, residing or stored in LCS in Sandbox environment JDDBS-MX-DEVL-E and assigned Project ID Number 1341166.

17.      All Documents, data and ESI related to JDDBS Onsite TEST created, existing, residing or stored in LCS and assigned Project ID Number 1258216.

18.     All Documents, data and ESI related to JDDBS-Build created, existing, residing or stored in LCS and assigned Project ID Number 1359933.

19.     All Documents, data and ESI related to JDDBS-Dev created, existing, residing or stored in LCS and assigned Project ID Number 1370353.

20.     All Documents, data and ESI related to JDDBS-Dev created, existing, residing or stored in LCS and assigned Project ID Number 1343440.

21.     All Documents, data and ESI related to XAPT Code Drop created, existing, residing or stored in LCS and assigned Project ID Number 1377247.

22.      All Documents, data and ESI related to the Project created, existing, residing or stored in any virtual environment, including but not limited to Azure DevOps.

23.     All Documents, data and ESI related to the Project known as Thor_Ragnarok, created, existing, residing or stored in Azure DevOps.

24.     All source code for the Project known as Thor_Ragnarok.

25.     All Documents, data and ESI related to the Project known as Avengers, created, existing, residing or stored in Azure DevOps.

26.     All Documents, data and ESI related to the Project known as CaptainAmerica, created, existing, residing or stored in Azure DevOps.

27.     All Documents, data and ESI related to the Project known as Dealer D365 Cloud Resources, created, existing, residing or stored in Azure DevOps.

28.     All Documents, data and ESI related to the Project known as JDDBS Implementation, created, existing, residing or stored in Azure DevOps.

29.     All Documents, data and ESI related to the Project known as JDDBS Leadership, created, existing, residing or stored in Azure DevOps.

30.     All Documents, data and ESI related to the Project known as Thor_Ragnarok_Testing, created, existing, residing or stored in Azure DevOps.

31.     All Documents, data and ESI related to the Project known as BasicProject_Test, created, existing, residing or stored in Azure DevOps.

32.     All source code for the Project known as BasicProject-Test.

33.     All Documents, data and ESI related to, created, existing, residing or stored in the virtual environment known as Azure Subscription.

7

34.      All Documents, data and ESI related to the Subscription known as JDDealerDev-JDDBS created, existing, residing or stored in Azure Subscription.

35.      All Documents, data and ESI related to the Subscription known as John Deere Dealer 3 created, existing, residing or stored in Azure Subscription.

36.      All Documents, data and ESI related to the Subscription known as JD-US-JDDBS-DevTest created, existing, residing or stored in Azure Subscription.

37.      All Documents reflecting or related to licenses to Deere, XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L. and/or New Frontier Group in or to the following technology and environments:  Microsoft 365, LCS, Azure DevOps, Azure Subscription, prod, Sandbox, jddbs-dealer3, jddbs-dealer3-test, jddbs-mx-train-s, jddbs-mx-train-e,   JDDBS-MX-QUAL-E-0,   JDDBS-MX-DATA-LOAD,   JDDBS-MX-CERT-S-1, JDDBS-MX-CERT-E-1, JDDBS-MX-CERT-E, and JDDBS-MX-DEVL-E.

38.      All Documents reflecting any other intellectual property licenses by and between Microsoft, Deere, XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group.

39.       All Documents reflecting the existence and terms of any dual-employment and/or loaned employee agreements and/or employee charge-back agreements by and between Microsoft and/or XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L. and/or New Frontier Group.

40.      All Documents, data and ESI provided to Microsoft by Deere in connection with the Project.

41.      All Documents, data and ESI provided to Microsoft by any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group in connection with the Project.

42.      All Documents reflecting or memorializing calendar entries for meetings or conferences You had with others relating to the Project, whether in-person or virtual.

43.      All Documents reflecting or memorializing calendar entries for meetings or conferences You had with others relating to Deere, whether in-person or virtual.

44.      All Documents and Communications reflecting or memorializing all instant message, text message, or chat logs related to Deere or the Project.

45.      All Documents relating or reflecting all Communications between any Microsoft-related entity and any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group about the Project on or after January 24, 2020.

8

46.     All Documents relating or reflecting all Communications between any Microsoft-related entity and any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group about the Project prior to January 24, 2020.

47.     All Documents relating or reflecting all Communications between any Microsoft-related entity and any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group about Deere on or after January 24, 2020.

48.     All Documents relating or reflecting all Communications between any Microsoft-related entity and any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group about Deere prior to January 24, 2020.

49.     All Documents relating to or reflecting all Communications, written contracts or agreements between any Microsoft-related entity and any of Deere, XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group relating to use of the Microsoft platform in connection with the Project.

50.     All Documents relating to or reflecting all written contracts, agreements and/or licenses between any Microsoft-related entity and any of XAPT Corporation, XAPT Solutions Pty. Ltd., XAPT Kft, Cosmo Consult Business Solutions S.R.L., and/or New Frontier Group relating to the NAXT source code.

51.     All Documents reflecting or memorializing a copy of the NAXT source code, as it existed on June 26, 2017.

52.     All Documents reflecting or memorializing all Project-related source code developed by any Microsoft entity developed for Deere.

53.     All Documents sufficient to identify the intellectual property rights owned by Microsoft as opposed to XAPT in the NAXT product.

54.     All Documents reflecting or memorializing all agreements between Microsoft and XAPT, referring or relating to intellectual property ownership in the Project done for Deere and/or in the NAXT product.

55.     All Documents sufficient to identify and distinguish between the intellectual property rights owned by XAPT, Microsoft, and or a third party referenced in Section 7.1 of the XAPT Subscription License Agreement, which incorporates as Exhibit A an agreement regarding use of Microsoft Products.  (To the extent Microsoft does not already possess a copy of this Agreement, which XAPT has designated as confidential, Deere will ask XAPT to provide it in connection with Microsoft's response to this request).

56.     All Documents sufficient to identify which files in Deere's possession may contain any intellectual property of Microsoft, as opposed to XAPT or a third party.

**<u>NOTE:</u>  You may photocopy and send us the responsive documents accompanied by a custodial affidavit attesting to the source and authenticity of any documents produced in response to this subpoena.  If you have any questions concerning this subpoena, or would like to make arrangements for delivery of documents, please contact Mary Ann L. Wymore at (314) 516-2662 or via email to mlw@greensfelder.com.**

10

1860808

# EXHIBIT 1



**CONSTANTINOS ZERTALIS**
Global Chief Strategy Officer
5201 Blue Lagoon Drive
Suite 800
Miami, FL 33126
Telephone: +1 786 574 4375
e-mail:   caz@xapt.com

June 12, 2020

Mark Theuerkauf
Deere & Company
1400 13th Street
East Moline, IL 61244

General Counsel
Legal Department
Deere & Company
One John Deere Place
Moline, IL 61265

Re: <u>Termination of Microsoft services</u>

Dear Mr. Theuerkauf:

I write in reference to our Subscription Delivery Agreement, dated as of June 26, 2017 (the "SDA"), which Deere purported to terminate on January 24, 2020.  As you are aware, under the SDA, Deere has certain licenses to services provided by Microsoft through XAPT's subscriptions, identified in the following chart:

| Customer Name | Domain Name | Microsoft ID | Subscription Name | Syndication Partner Subscription Number |
|---|---|---|---|---|
| JD Dealer Dev | JDDealerDev.onmicrosoft.com | d7daf632-db5b-4ac7-b340-7fdc6d7696c8 | Dynamics 365 Unified Operations - Sandbox Tier 2:Standard Acceptance Testing | 5b0201b1-3855-48f4-9e20-f16c56879acb |
| JD Dealer Dev | JDDealerDev.onmicrosoft.com | d7daf632-db5b-4ac7-b340-7fdc6d7696c8 | Dynamics 365 Unified Operations Plan (ISV-2) | b551d00c-e9f8-4d4d-be80-88426ead09a7 |
| Dealer 3 | jddbslab3.com | c7aa0f62-5e74-459a-bb28-c202bf22fece | Dynamics 365 for Operations, Enterprise Edition (ISV-2) | b6acdce4-a173-4fd8-acc6-5bb815a610fc |
| Deere & Company | Johndeeredealer1.onmicrosoft.com | 5caeccf0-94dd-4d25-aafc-a43a42f3b45c | Dynamics 365 for Operations, Enterprise Edition (ISV-2) | bb4588c0-b7fc-4037-872f-7ddb67e2888a |
| Deere & Company | Johndeeredealer2.onmicrosoft.com | a5e4e139-a35a-4715-903e-f18512057ce4 | Dynamics 365 for Operations, Enterprise Edition (ISV-2) | 1272fcd2-f305-40e8-92bf-d391f6644d09 |

XAPT
new frontier group

| Deere & Co | deere.onmicrosoft.com | 39b03722-b836-496a-85ec-850f0957ca6b | Dynamics 365 for Operations, Enterprise Edition (ISV-2) | 51a42736-dfc8-48cb-844f-7b7e12458d1a |
| --- | --- | --- | --- | --- |

In January 2020, Deere terminated access for all of XAPT's users on these subscriptions, so XAPT no longer has the ability to use, view or make backups of the data in these subscriptions. These services are scheduled to expire on June 25, 2020. In light of Deere's purported termination of the SDA and its termination of all access for XAPT users, XAPT has no reason to renew, and has determined not to renew, the subscriptions. Accordingly, the Microsoft services will terminate on June 25, 2020.

If you have not already done so, Deere should take any and all necessary actions to create backup records of all information stored in these subscriptions prior to June 24, 2020. After June 24, the availability of any information will be subject to Microsoft policies and practices, which could include loss of information that Deere is obligated to preserve as potential evidence in pending litigation. For details on what happens after termination of a subscription, you should contact Microsoft.

Sincerely,

XAPT Corporation

By: Constantinos Zertalis

cc:  General Counsel
     Legal Department
     Deere & Company
     One John Deere Place
     Moline, IL 61265

## **AFFIDAVIT**

Before me, the undersigned authority, personally appeared _____,

who, being by me duly sworn, deposed as follows:

My name is _____, I am of sound mind, capable of making

this Affidavit, and personally acquainted with the facts stated herein:

I am the custodian of records for Microsoft Corporation.  Attached hereto are _____

pages of records from Microsoft Corporation being produced pursuant to a subpoena for

production of business records issued in *Deere & Company v. XAPT Corporation, et al.*, Case

No. 4:19-cv-04210-SLD-JEH.  The _____ pages of records are kept by Microsoft Corporation in

the regular course of business, and it was the regular course of business of Microsoft Corporation

for an employee or representative of Microsoft Corporation with knowledge of the act, event,

condition, opinion or matters recorded to make the record or to transmit information thereof to be

included in such record; and the record was made at or near the time of the act, event, condition,

opinion or matters.  The records attached hereto are the original or exact duplicates of the

original.


Pursuant to 28 U.S.C. § 1746, I declare, certify, verify, or state under penalty of perjury

that the foregoing is true and correct.


Executed on _____, 2020.



_____
                                                                (Affiant)



1861018

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

DEERE & COMPANY,           )
                               )
       Plaintiff,        )     Case No. 4:19-cv-04210-SLD-JEH
                               )
v.                            )
                               )
XAPT CORPORATION, et al.,    )
                               )
       Defendants.     )

**DEERE & COMPANY'S RESPONSES AND OBJECTIONS TO XAPT
CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Deere & Company ("Deere"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby submits its Objections & Responses to Plaintiff XAPT Corporation's First Set of Requests for Production to Deere & Company.

**GENERAL OBJECTIONS AND STATEMENTS**

Deere makes the following general objections and statements with respect to each of the specific Requests below:

1.      Deere objects to XAPT's definitions and instructions to the extent they purport to impose discovery obligations broader than those imposed by the Federal Rules of Civil Procedure and the Court's Orders, to the extent they call for the disclosure of information or production of documents not within the custody or control of Deere, and/or to the extent they call upon Deere to violate federal law or the laws of any state or local jurisdiction.

2.      These responses are made solely for the purpose of this litigation.  Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections and grounds that would require the exclusion of any information contained herein or document identified herein if any information contained

herein or in any of said documents was asked of a witness present and testifying in this matter, and all such objections are hereby expressly reserved by Deere and may be interposed at or before the time of trial.

3.      The following responses are based upon information and documents presently available to and located by Deere and its attorneys and, except for explicit facts expressly admitted herein, no incidental or implied admissions are intended hereby.  The fact that Deere has responded to any request or part thereof, or identified or produced any document or part thereof, should not be taken as an admission that Deere accepts or admits the existence of any "fact" set forth or assumed by the request for which said response was made or for which said document was identified or produced, or contained in any said document, or that any such document or response or objection to the request constitutes admissible evidence.  The fact that Deere has responded to all or part of any request, or has identified or produced all or part of any document, is not intended to be and shall not be construed to be a waiver by Deere of all or any part of any objection to any request made herein.

4.      To the extent that any or all of the requests herein call for information, materials or documents prepared in anticipation or defense of litigation, or for information, materials or documents covered by the work product doctrine, or privileged from discovery by the attorney-client privilege or any other privilege, Deere objects to each and every such request and thus will not supply or render any information, materials or documents protected from discovery by the Federal Rules of Civil Procedure, the Court's Local Rules, the work product doctrine, the attorney-client privilege, and/or any other pertinent privilege.  This objection extends to and includes requests seeking the identities of individuals with knowledge of matters, where such persons are counsel for Deere or obtained such knowledge solely through communications with

counsel for Deere.  Any inadvertent disclosure of such information, or documents underlying such information, shall not be deemed a waiver of any privilege or immunity.

5.     To the extent that any or all of the requests herein call for expert-related information, materials or documents, including draft reports of and communications by Deere's counsel with Deere's expert witnesses, Deere objects on the grounds that it contravenes the Joint Discovery Plan (Dkt. No. 32), under which the parties are not required to provide expert reports until February 5, 2021.  Deere will provide, with respect to each expert witness who has been retained or specially employed to provide expert testimony in this case, the written report required by Rule 26(a)(2)(B) in accordance with the Joint Discovery Plan or any subsequent court order addressing expert disclosures.

6.     Deere objects to the extent that any or all of the requests herein purport to limit, characterize, or otherwise interpret the allegations in Deere's Second Amended and First Supplemental Complaint ("SAC") or the parties' contracts.  The allegations in Deere's SAC, and the terms of the parties' contracts, speak for themselves.

7.     Deere's responses are limited to the project at issue in its SAC.

8.     Deere has made reasonable efforts to locate and produce information responsive to the interrogatories as it understands and reasonably interprets them.  If Deere subsequently asserts an interpretation that differs from that which Deere made in responding herein, Deere reserves its right to supplement or amend the responses and objections accordingly, in the event it is required to do so under Rule 26(e).

These general objections are hereby incorporated into each specific response below and the objections are not waived with respect to any such response.

## DEERE'S SPECIFIC OBJECTIONS AND RESPONSES

1.      Please produce all Documents and Communications supporting Your allegation

in SAC ¶ 173 that XAPT repeatedly breached its obligations under the Contracts.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements,
Deere objects to this request to the extent it purports to characterize the allegations of Deere's
SAC, which speak for themselves.  Subject to and without waiving these objections, and after
entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI
Protocol, Deere will produce responsive, nonprivileged documents and communications that
support its allegation in SAC ¶ 173.

2.      Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 172, 198, and 206  that Deere has performed its obligations or has been excused from doing

so under the Contracts.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements,
Deere objects to this request to the extent it purports to characterize the allegations of Deere's
SAC, which speak for themselves.  Subject to and without waiving these objections, and after
entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI
Protocol, Deere will produce responsive, nonprivileged documents and communications that
support its allegation in SAC ¶¶ 172, 198, and 206.

3.      Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 175 that XAPT multiplied the gaps required to meet Deere's capability list.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements,
Deere objects to this request to the extent it purports to characterize the allegations of Deere's
SAC, which speak for themselves.  Subject to and without waiving these objections, and after
entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI
Protocol, Deere will produce responsive, nonprivileged documents and communications that
support its allegation in SAC ¶ 175.

4.      Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 177 that XAPT failed to provide personnel necessary under the Contracts.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements,
Deere objects to this request to the extent it purports to characterize the allegations of Deere's
SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without
waiving these objections, and after entry of, and subject to the terms of, an appropriate
confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged
documents and communications that support its allegation in SAC ¶ 177.

5.      Please produce all Documents and Communications supporting Your allegation in SAC ¶ 179 that XAPT failed to meet its monthly obligation to deliver 90% of its committed deliverables.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 179.

6.      Please produce all Documents and Communications supporting Your allegation in SAC ¶ 180 that XAPT failed to meet quality targets for its development work, failed to meet its published monthly defect resolution targets, and failed to deliver code meeting industry standards for quality.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 180.

7.      Please produce all Documents and Communications supporting Your allegation in SAC ¶ 181 that XAPT failed to meet its representations and warranties under the Contracts.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 181.

8.      Please produce all Documents and Communications supporting Your allegation in SAC ¶ 182 that XAPT failed to complete its development obligations as required by SDA Section 20.1.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's

SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 182.

9.      Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 183 that XAPT failed meet its obligations by as required by MSA Section 10.3 and SDA

Section 20.3.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 183.

10.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 184 that XAPT failed to meet its obligations as required by MSA Section 10.2 and SDA

Section 20.2.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 184.

11.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 185 that Deere provided notice following the parties' mutual dispute resolution process and

XAPT failed to cure breaches as required by MSA Sections 10.12, 15.6.1, and 15.6.2.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 185.

12.     Please produce all Documents and Communications related to MSA Section 15.6.1,

including any attempts to resolve disputes, where next level management met within 10 business

days to resolve any disputes, and where the dispute was escalated to designated leaders within 10

business days.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Deere further objects to this request as overbroad, vague, and ambiguous, because it does not identify the dispute(s), by subject, time period, or any other identifier, for which it seeks documents.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter and scope of this Request.

13.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 186 that XAPT breached MSA Section 3.6 by utilizing an unapproved subcontractor.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 186.

14.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 189 that XAPT failed to follow applicable procedures before providing Cosmo Consult

access to Deere's confidential information.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 189.

15.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 199 that XAPT has breached its post termination obligations under MSA Section 12.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 199.

16.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 201 that XAPT, XAPT Kft., XAPT Solutions S.R.L., and Cosmo Consult are required to

return all Deliverables as defined in MSA Section 1.12 to Deere.

      **RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 201.

17.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 207 that XAPT, XAPT Kft., XAPT Solutions S.R.L., and Cosmo Consult agreed to comply

with the terms of the confidentiality agreement in Exhibit D to the MSA.

      **RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 207.

18.     Please produce all Documents and Communications supporting Your allegations in

SAC ¶ 277 that XAPT, XAPT Kft., XAPT Solutions, and Cosmo Consult have, without

authorization, wrongfully assumed control, dominion, and/or ownership over the Deliverables and

Deere Confidential Information as defined by MSA Sections 1.12 and 6.13.1, respectively.

      **RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 277.

19.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 208 that Deere terminated the Contracts for "cause."

      **RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's

SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 208.

20.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 217 that XAPT made false representations to induce Deere to choose XAPT as its

Independent Software Vendor.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 217.

21.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 218 that XAPT misrepresented that NAXT could already perform the vast majority of

capabilities on Deere's list of required capabilities.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 218.

22.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 221 that XAPT represented only fifty (50) development gaps to bring NAXT into line with

Deere's required capabilities.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 221.

23.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶¶ 220 and 225 that Deere has paid over $5,392,503 in configuration costs and approximately

$3,600,000 in gap closure development costs, respectively.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶¶ 220 and 225.

24.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 226 that XAPT represented to Deere that it could complete the entire development process in

approximately eighteen (18) months.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 226.

25.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 224 that XAPT's misrepresentations regarding its product and development abilities rendered

it impossible to create a dependable estimate of gaps to bring NAXT to Deere's dealers.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 224.

26.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 231 that XAPT's representations and statements induced Deere to choose XAPT to develop

its global DBS.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's

SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 231.

27.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 235 that the parties' true agreement in Amendment 1 was for its appendices to add additional information to the appendices in the Global Template SOW.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 235.

28.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 236 that Deere executed Amendment 1 believing that its appendices would not narrow the scope of the Project.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 236.

29.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 237 that XAPT knew the language of Amendment 1 did not align with the parties' agreement and Deere's expectations.

        **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 237.

30.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 237 that XAPT sought approval for Amendment 1 from Deere Employees not authorized to make such decisions, in violation of the Governance SOW.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 237.

31.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 237 that Dejan Popovic knew Amendment 1's language was a "mistake" after the parties executed Amendment 1.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 237.

32.     Please produce all Documents and Communications supporting Your allegation in SAC ¶ 238 that Deere executed Amendment 1 believing that its appendices would "amend" rather than "replace" appendices in the Global Template SOW.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 238.

33.     Please produce all Documents and Communications related to preparing, drafting, and creating Amendment 1.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

34.    Please produce all Documents and Communications related to Deere's input or submissions of service module integration stories for XAPT to develop, including Deere's submissions, XAPT's rejections, and XAPT's requests for more fees following execution of Amendment 1.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

35.    Please produce all Documents and Communications related to Amendment 1 authored or created by any Deere Employee, including but not limited to those made by Angela Lakner or Monica Verma.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.  Deere will not, however, produce privileged or otherwise legally protected Documents or Communications authored or received by Monica Verma, who has never been a Deere employee and who, at all relevant times, was outside counsel to Deere.

36.    Please produce all Documents and Communications related to Deere's functional requirements and corresponding milestones after the execution of Amendment 1.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

37.    Please produce all Documents and Communications related to Deere's payments to XAPT related to Amendment 1 and any payments made based on corresponding milestones after the execution of Amendment 1.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and

after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

38.     Please produce all Documents and Communications related to Deere's payments to

XAPT for services provided under the Agreements.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

39.     Please produce all Documents and Communications related to Deere's functional

requirement delivery targets.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

40.     Please produce all Documents and Communications involving XAPT's Project

Managers.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

41.     Please produce all Documents and Communications related to Deere's logs, records,

or submissions into Azure DevOps ("ADO"), encompassing all submissions from June 27, 2017 to

January 24, 2020.

**RESPONSE**: In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged results of queries as reasonably requested by XAPT.

42.     Please produce all Documents and Communications sufficient to identify Deere's rights to Deliverables and Deere Confidential Information as defined in MSA Sections 1.12 and 6.13.1, respectively, and supported by Your allegations in SAC ¶¶ 274 and 276.

      **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

43.     Please produce all Documents and Communications supporting Your allegations in SAC ¶¶ 276-278 and 284-286 that XAPT has, without authorization, wrongfully assumed control, dominion, and/or ownership over Deliverables and Deere Confidential Information as defined by MSA Section 1.12 and 6.13.1, respectively, and has willfully and without justification failed to provide Deere with Deliverables and Deere Confidential Information.

      **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶¶ 276-278 and 284-286.

44.     Please produce all Documents and Communications related to and supporting Your allegations in SAC ¶¶ 251-254 and 257 that Deere holds an irrevocable license to Supplier Modifications, Competitive Advantage Modifications and Supplier Pre-Existing Intellectual Property.

      **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶¶ 251-254 and 257.

45.     Please produce all Documents and Communications supporting Your allegation in

SAC ¶ 166 that Deere has a right to modify the Combined Solution.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 166.

46.     Please produce all Documents and Communications sufficient to identify Deere Pre-

Existing Intellectual Property, Deliverables, and Deere Modifications as defined by MSA.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

47.     Please produce all Documents and Communications related to Deere's Employees

and Deere's dealers regarding the Project.

**RESPONSE**:   In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, vague, ambiguous, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

48.     Please produce all Documents and Communications related to Dealer User

Subscription License Agreements regarding the Project.

**RESPONSE:**   Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

49.     Please produce all Documents and Communications supporting Your allegations in

SAC ¶¶ 175, 179, 180, 182, 183, and 184 that XAPT failed to meet its code delivery requirements.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's

16

SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶¶ 175, 179, 180, 182, 183, and 184.

50.     Please produce all Documents and Communications related to Deere's priority setting

for functionality gaps related to the Project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

51.     Please produce all Documents and Communications related to Your allegation in

SAC ¶ 85 that XAPT was not adhering to the Agile project methodology, and that XAPT generally

resisted priority-shifting.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 85.

52.     Please produce all Documents and Communications related to Agile project

methodology as allegedly required by the Global Template SOW and Governance SOW.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, vague, ambiguous, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere also objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications related to Agile project methodology within the context of Deere's relationship with XAPT.

53.     Please produce all Documents reflecting or relating to meetings held in Budapest, Hungary from April 16-25, 2018 to train XAPT's developers on Agile project methodology related to Your allegation in SAC ¶ 88.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegation in SAC ¶ 88.

54.     Please produce all Documents and Communications related to the Governance SOW, including but not limited to Documents and Communications related to the Steering Committee, the Commercial Committee, the Operational Leadership Team, the Roadmap Meeting(s), SCRUM Meetings, and Weekly Status Meetings.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications related to meetings held pursuant to the Governance SOW.

55.     Please produce all Documents and Communications related to Governance SOW Section 3.4, including information sufficient to identify Deere Employees, dates, and issues discussed at all Issue Review Meetings.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications related to meetings held pursuant to the Governance SOW.

56.     Please produce all Documents and Communications related to Global Template SOW Section 4.2.3, including Deere's gap reviews and gap review meetings required for the Global Template buildout, and Deere's SEAL test cases and corresponding adjustments.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  In addition, Deere objects on the grounds that the phrases "gap reviews, "gap review meetings required for the Global Template buildout," and "SEAL test cases and corresponding adjustments" are vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter and scope of this Request.

57.     Please produce all Documents and Communications related to Governance SOW Section 3.3, including information related to the Issue Management Plan requiring Deere to maintain an Issue log in VSTS with supporting documentation in Deere's SharePoint portal.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications related to the parties' interactions under Governance SOW Section 3.3.

58.     Please produce all Documents and Communications related to Governance SOW Section 3.3, including all Clarifications and Defects managed through VSTS using specific work item types, and all Issues based on their severity and priority.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications related to the parties' interactions under Governance SOW Section 3.3.

59.     Please produce all Documents and Communications related to the Governance SOW, including Documents and Communications supporting Your allegations in SAC ¶¶ 178 and 184 that XAPT did not follow, or circumvented communication and decision guidelines.

**RESPONSE:**   In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Deere also objects to the portion of the request seeking all Documents and Communications relating to the Governance SOW as overbroad, vague, and ambiguous, and seeking information that is not relevant to any party's claim or defense.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere

19

will produce responsive, nonprivileged documents and communications that support its allegations in SAC ¶¶ 178 and 184.

60.     Please produce all Documents and Communications related to Service Level Agreements under Appendix E of the Global Template SOW, including Documents and Communications supporting Your allegation in SAC ¶ 176 that XAPT failed to meet metrics established for system performance.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that support its allegations in SAC ¶ 176.

61.     Please produce all Documents and Communications related to Deere's implementation and use of the NAXT software from December of 2015 to June 27, 2017.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects on the grounds that the phrases "implementation and use" and the "NAXT software" are vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter of this Request.

62.     Please produce all Documents and Communications related to Deere's implementation and use of the NAXT software from June 27, 2017 to present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects on the grounds that the phrases "implementation and use" and the "NAXT software" are vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter of this Request.

63.     Please produce all Documents and Communications related to Functional Requirements Documents ("FRD") and Functional Design Documents ("FDD"), including any and all schedules, logs, and records of Deere's submissions to XAPT.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense to the extent it

seeks documents Deere does not maintain in the ordinary course of its business.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications relating to FRDs and FDDs.

64.     Please produce all Documents and Communications related to FRDs and FDDs submitted after June 27, 2017 to the execution of Amendment 1.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

65.     Please produce all Documents and Communications related to FRDs and FDDs submitted immediately after the execution of Amendment 1 to January 24, 2020.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

66.     Please produce all Documents and Communications related to Global Template SOW Section 3.7.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects on the grounds that the phrase "related to Global Template SOW Section 3.7" is vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter of this Request.

67.     Please produce all Documents and Communications related to Deere's compliance and obligations under Global Template SOW Section 3.7, including drafting FRDs, outlining all required functionalities and test cases, and finalizing and approving FRDs to build FDDs.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that relate to FRDs and FDDs.

68.     Please produce all Documents and Communications related to Global Template SOW Section 3.7, including information sufficient to identify any "deep dive(s)" into the necessary Enhancements required for the Global Template buildout, and any FRD's created by Deere outlining all the required global DBS functionalities along with test cases.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that relate to FRDs and FDDs and the parties' communications surrounding FRDs and FDDs.

69.     Please produce all Documents and Communications related to Global Template SOW Section 4.2.1, including information sufficient to identify Deere's process for reviewing and analyzing requirements for Enhancements, and Deere's process for drafting and approving FRDs and FDDs.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that relate to the parties' interactions under Section 4.2.1 of the Global Template SOW.

70.     Please produce all Documents and Communications related to Global Template SOW Section 4.2.3, including information sufficient to identify Deere's gap review process, and Deere's approval of gaps required for the Global Template buildout.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications that relate to the parties' interactions under Section 4.2.3 of the Global Template SOW.

71.     Please produce all Documents and Communications related to the Change Order

Process as defined by MSA Section 4.7, including Change Requests and corresponding logs or

records of Deere's submitted Change Requests to XAPT.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

72.     Please produce all Documents and Communications related to Deere's identification

of gaps from June 27, 2017 to January 24, 2020.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

73.     Please produce all Documents and Communications related to Deere's method for

identifying gaps, setting priorities, and defining scope during the course of the Project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts or the parties' obligations thereunder.  The contracts speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

74.     Please produce Documents and Communications sufficient to identify the specific

intellectual property right(s) You contend Deere owns under the Agreements.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

75.     Please produce Documents and Communications sufficient to identify Deere as the owner of all intellectual property rights in and to all Deere Pre-Existing IP, Deliverables, and Deere Modifications as provided in MSA.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

76.     Please produce all Documents and Communications referring or relating to any Mutual Dispute Resolution Process as defined by MSA Section 15 between Deere and XAPT concerning the Project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Deere further objects to this request as overbroad, vague, and ambiguous, because it does not identify the dispute(s), by subject, time period, or any other identifier, for which it seeks documents.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter and scope of this Request.

77.     Please produce all Documents and Communications related to any Material Default and any corresponding obligations as defined by MSA Section 12.3.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Deere further objects to this request as overbroad, vague and ambiguous, as it does not identify the subject or object of the request.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter and scope of this Request.

78.     Please produce all Documents and Communications related to Deere's obligations and compliance with MSA Section 12.3, including information sufficient to identify Deere providing XAPT with notice specifying the breach, any Material Default(s) identified by Deere, and any information concerning start dates and compliance with the thirty (30) day opportunity to cure period.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the allegations of Deere's SAC or the terms of the parties' contracts, which speak for themselves.  Deere further objects to this request as vague and ambiguous, in that it does not identify the breaches for which it seeks documents.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter and scope of this Request.

79.     Please produce all Documents and Communications related to User Acceptance

Testing ("UAT").

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects on the grounds that the phrase "User Acceptance Testing" is vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter of this Request.

80.     Please produce all Documents and Communications related to Deere's acceptance

testing concerning the Project, including all test data, test cases, procedures, and personnel involved

in conducting such testing.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects on the grounds that the phrase "acceptance testing" is vague and ambiguous, and the request, as written, is overbroad.  Subject to and without waiving these objections, Deere is willing to meet and confer with defense counsel regarding the subject matter of this Request.

81.     Please produce all Documents and Communications related to Deere's legacy systems

and Deere's corresponding responsibilities, including data extraction, cleansing, and validity

verification pertaining to the Project.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  In addition, Deere objects to the term "Deere's legacy systems and Deere's corresponding responsibilities" as vague and ambiguous.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

82.     Please produce all Documents and Communications related to Deere's compliance

with Global Template Section 3.2, including information sufficient to identify Deere's escalation of

25

unresolved issues to the Executive Steering Committee, and Deere project dependencies that must

have been delivered to meet the schedule set forth in the project plan.

> **RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to characterize the terms of the parties' contracts, which speak for themselves.  Deere further objects to the term "Deere project dependencies that must have been delivered to meet the schedule set forth in the project plan" as vague and ambiguous.  Subject to and without waiving these objections, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce responsive, nonprivileged documents and communications related to meetings held pursuant to the Governance SOW.

83.    Please produce all Documents and Communications related to the Deep Dive

meetings that occurred on March 1 – March 3, 2016 in Miami, Florida.

> **RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

84.    Please produce all Documents and Communications related to XAPT's responses to

Deere's request for proposal for the Project.

> **RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

85.    Please produce all Documents and Communications related to or reflecting XAPT's

March 31, 2016 proposal presentation to Deere, in Moline, Illinois.

> **RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

86.    Please produce all Documents and Communications related to or reflecting XAPT's

proof of concept presentations to Deere from July 11-12, 2016, in Budapest, Hungary, for the

Project.

**RESPONSE:**  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged documents and communications responsive to this request.

87.   Please produce all Documents and Communications related to any third-party developer or vendor regarding modifying, improving, or further developing the global DBS system from December 2015 to January 24, 2020.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

88.   Please produce Documents sufficient to identify the name(s) and address(es) of all current and former Deere officers and directors, from January 1, 2015 to the present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

89.   Please produce all of Your financial statements for the period of 2015 through the present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request. Answering further, financial statements for Deere are publicly available on the website of the U.S. Securities and Exchange Commission.

90.   Please produce all of Your bank statements for the period of 2015 through the present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

91.   Please produce all of Your tax returns filed since 2015.

**RESPONSE:** In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

92.   Please produce copies of all insurance policies issued to You, which could or might provide coverage for any of the events described in this matter.

**RESPONSE:** In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

93.   Please produce all Documents relating to or reflecting all written contracts or agreements between You and to any third-party developer or vendor you may have hired to modify, improve, or further develop the global DBS system after January 24, 2020.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

94.   Please produce all Documents relating to or memorializing Deere's financial status from January 2015 to January 24, 2020, including but not limited to financial statements, income statements, balance sheets, cash flow statements, and any other Documents kept in the ordinary course of Deere's business detailing Deere's financial status.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

95.   Please produce all Documents reflecting or memorializing the curriculum vitae of Deere's employees, contractors, and subcontractors who worked on the Project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

96.     Please produce all Documents and Communications reflecting or memorializing all instant message, text message, or chat logs related to XAPT or the Project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks text messages.  Deere consequently objects to producing, and will not produce, text messages in response to this Request.  Subject to and without waiving the foregoing General Objections and Statements, and after entry of, and subject to the terms of, an appropriate confidentiality protective order and ESI Protocol, Deere will produce nonprivileged instant message or chat logs hosted by Deere and responsive to this request.

97.     Please produce all Documents reflecting or memorializing the corporate organization charts reflecting Deere's parent, subsidiary, and affiliate organizations.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

98.     Please produce all Documents relating or reflecting all Communications You had with Microsoft about XAPT after January 24, 2020.

**RESPONSE**:  In addition to the foregoing General Objections and Statements, Deere objects to this Request on the grounds that it seeks the production of documents that are not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

99.     Please produce all of Your canceled checks for the period of January 1, 2015 through the present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

100.    Please produce all Documents reflecting or memorializing the meeting minutes for Your board(s) of directors and executive committee(s) for the period of January 1, 2015 through the present.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense.  Deere consequently objects to producing, and will not produce, documents in response to this Request.

101.    Please produce Documents sufficient to identify the name(s) and address(es) of all current and former Deere employees who worked on the DBS project.

**RESPONSE:**  In addition to the foregoing General Objections and Statements, Deere objects to this request as overbroad, burdensome, not proportional to the needs of the case, and as seeking information that is not relevant to any party's claim or defense to the extent it seeks the addresses of current and former Deere employees who worked on the DBS project, and to the extent it seeks documents reflecting team members that performed work for Deere outside of the project between Deere and XAPT.  Subject to and without waiving these objections, and after entry of an appropriate confidentiality protective order, Deere will produce nonprivileged organization charts reflecting the names of Deere team members who performed work on the project with XAPT.

102.    Please produce all Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to/from said expert(s); (b) all Documents considered by said expert(s) in forming his/her opinions in this matter; (c) all notes created by said expert(s); (d) any transcripts of prior testimony of said expert(s); and (e) any prior Rule 26 reports authored by said expert(s).

**RESPONSE:**  As laid out in its General Objections and Statements, Deere objects to this Request on the grounds that it contravenes the Joint Discovery Plan (Dkt. No. 32), under which the parties are not required to provide expert reports until February 5, 2021, and further objects to the extent this Request seeks information not required under the Federal Rules, including notes, transcripts of prior testimony, and prior Rule 26 reports.  In addition to the foregoing General Objections and Statements, Deere objects to this request to the extent it purports to require Deere to produce information that is protected by the attorney-client privilege, the work product doctrine or other applicable privilege, including draft reports of and communications by Deere's counsel with Deere's expert witnesses.  Deere will provide, with respect to each expert witness who has been retained or specially employed to provide expert testimony in this case, the written report required by Rule 26(a)(2)(B) in accordance with the Joint Discovery Plan or any subsequent court order addressing expert disclosures.

Dated:  August 27, 2020                    Respectfully submitted,

                                           By:  /s/     Kara E. F. Cenar
                                                Kara E. F. Cenar, IL Bar #6198864
                                                S. Patrick McKey, IL Bar #6201588
                                                kcenar@greensfelder.com
                                                pmckey@greensfelder.com
                                                GREENSFELDER, HEMKER & GALE,
                                                P.C.
                                                200 West Madison Street, Suite 3300
                                                Chicago, Illinois 60606
                                                Telephone:  (312) 419-9090
                                                Facsimile:  (312) 419-1930

                                                Mary Ann L. Wymore, MO Bar #44061
                                                Ronnie L. White II, MO Bar #67165
                                                mlw@greensfelder.com
                                                rwhite@greensfelder.com
                                                GREENSFELDER, HEMKER & GALE,
                                                P.C.
                                                10 South Broadway, Suite 2000
                                                St. Louis, Missouri 63102
                                                Telephone:  (314) 241-9090
                                                Facsimile:  (314) 241-8624

                                                Mariangela Seale
                                                Lauren Jaffe
                                                mseale@rshc-law.com
                                                ljaffe@rshc-law.com
                                                RILEY SAFER HOLMES & CANCILA
                                                LLP
                                                70 West Madison Street, Suite 2900
                                                Chicago, Illinois 60602
                                                Telephone:  (312) 471-8700
                                                Facsimile:  (312) 471-8701

                                                ***Attorneys for Plaintiff Deere & Company***

## <u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that on this 27 day of August, 2020, a copy of the foregoing was electronically served on the following counsel of record via electronic mail:

Josh Kantrow
Thomas M Wolf
Alexander M Misakian
LEWIS BRISBOIS
550 West Adams Street, Suite 300
Chicago, IL  60601
Josh.Kantrow@lewisbrisbois.com
thomas.wolf@lewisbrisbois.com
alexander.misakian@lewisbrisbois.com

Robert P. Cummins
THE CUMMINS LAW FIRM, P.C.
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600
rcummins@nhdlaw.com

Amir R Tahmassebi
KONICEK & DILLON LAW
70 West Madison Street, Suite 2060
Chicago, IL 60602
amir@konicekdillonlaw.com

Felix M Digilov
LEWIS BRISBOIS
24 Greenway Plaza, Suite 1400
Houston, TX 77046
felix.digilov@lewisbrisbois.com

Matthew J Morris
LEWIS BRISBOIS
103 W. Vandalia St., Suite 300
Edwardsville, IL 62025
matthew.morris@lewisbrisbois.com

***Attorneys for Defendant XAPT Corporation***.


                                         */s/ Kara E. F. Cenar*